# NO. 12-19-00136-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALTON HUDSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Alton Hudson appeals his conviction for assault of family member or member of household with previous conviction. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with assault by intentionally, knowingly, or recklessly causing bodily injury to a member of the Appellant's family, member of his household, or a person with whom he has or has had a dating relationship, by pushing or striking the victim with his hands. This offense is a third degree felony[1] because before the commission of the offense, Appellant had been previously convicted of an offense under Chapter 19 of the Penal Code or Sections 20.03, 20.04, 21.11, or 25.11 against a member of the Appellant's family, member of his household, or a person with whom he has or has had a dating relationship.

Appellant pleaded "guilty" to the offense charged in the indictment. Appellant and his counsel signed various documents in connection with his guilty plea, including a plea agreement

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West Supp. 2019).

and punishment recommendation, and a stipulation of evidence and judicial confession in which Appellant judicially confessed to the offense alleged in the indictment, admitted that he committed each and every allegation alleged in the complaint, pleaded "true" to the enhancement allegation, and admitted he was guilty as charged. The trial court accepted Appellant's plea, found Appellant guilty of the offense charged in the indictment, found the enhancement paragraph to be "true," and ordered that Appellant be placed on community supervision for ten years.

Later, the State filed a motion to revoke community supervision, alleging that Appellant violated the terms of his community supervision when he committed the offense of aggravated assault by intentionally, knowingly, and recklessly causing serious bodily injury and using or exhibiting a deadly weapon, namely a brick or rock, during the commission of the assault, and the complainant was a member of the Appellant's family, member of his household, or a person with whom he has or has had a dating relationship. Further, the motion stated that on the same date, Appellant intentionally fled from a person that Appellant knew was a peace officer who was attempting to lawfully arrest or detain him.

At the hearing on the State's motion to revoke, Appellant pleaded "true" to all the allegations pleaded by the State. The trial court took judicial notice of a previous conviction in which Appellant was found guilty of assault family violence and assessed punishment at seventeen years of imprisonment. A certified copy of the judgment in the previous conviction was admitted as evidence. After the hearing, the trial court found all of the allegations in the State's motion to be "true," granted the State's motion to revoke, and assessed Appellant's punishment at ten years of imprisonment to be run consecutively with his previous assault family violence conviction. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case,

and further states that counsel is unable to raise any arguable issues for appeal.[2] We have reviewed the record for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

<u>CONCLUSION</u>

As required by ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered March 25, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 25, 2020**

**NO. 12-19-00136-CR**

**ALTON HUDSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3CR-18-33717)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*